IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00148-MR-WCM

| | |
|---|---|
| THE CHARTER OAK FIRE ) <br> INSURANCE COMPANY, ) <br> THE PHOENIX ) <br> INSURANCE COMPANY, ) <br> TRAVELERS PROPERTY CASUALTY ) <br> COMPANY OF AMERICA ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GRAHAM COUNTY LAND ) <br> COMPANY, LLC, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the court *sua sponte* following the withdrawal of counsel of record for Defendant Graham County Land Company, LLC ("Defendant"). See Doc. 12.

I. Relevant Background

The material background appears in the undersigned's Order filed on May 3, 2022, which allowed Defendant's prior counsel to withdraw and advised Defendant that any new counsel must file a notice of appearance on or before May 16, 2022. Doc. 12. Defendant was further advised that if counsel did not appear by that date, the undersigned may recommend that default be entered against Defendant. Id. No additional counsel has appeared.

## II. Discussion

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default when a defendant fails "to plead or otherwise defend" in accordance with the Rules. FRCP 55(a). Failure of an unrepresented corporate entity to comply with an order requiring it to retain counsel can constitute a "failure to defend" under the Rule. See Acosta v. Mercy Services of Health, Inc., No. 1:18cv0366, 2019 WL 4551308 at *4 (E.D. Va. June 14, 2019) ("Failure to comply with a court order requiring an unrepresented corporation to retain new counsel can constitute a 'failure to defend' pursuant to Federal Rule of Civil Procedure 55(a)"); see also Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) ("Since Eagle failed to comply with the district court's order directing it to appear with counsel, the district court did not abuse its discretion in entering a default judgment"); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 918 (3d Cir. 1992) ("Nor do we doubt that the district court in this case could have imposed a default judgment against the defendants for failure to comply with its own unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests") (collecting cases); First Technology Capital, Inc. v. Airborne, Inc., 378 F.Supp.3d 212, 216-217 (W.D.N.Y. 2019) (explaining that "because Defendant failed to secure legal counsel and file a notice of appearance within the prescribed time permitted by the Court, Defendant is

in default for its failure to 'otherwise defend' against this action and that the district court possessed "the inherent authority to enter a default") (citing City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) ("a district judge also possesses the inherent power to enter a default")).

Here, during a hearing on May 2, 2022 on the Motion to Withdraw, Defendant's prior attorney confirmed that Defendant was aware that it could not proceed in this matter *pro se*. Though it did not appear from the information provided during the hearing that Defendant intended to seek new counsel, Defendant was nonetheless provided with additional time to obtain substitute counsel and was advised that if new counsel did not appear by May 16, 2022, the undersigned may recommend that default be entered against Defendant. New counsel for Defendant has not appeared.

Accordingly, the undersigned respectfully **RECOMMENDS** that default be entered as to Defendant Graham County Land Company, LLC.

The Clerk is **RESPECTFULLY DIRECTED** to send copies of this Memorandum and Recommendation to Defendant at its address listed on the docket, and to counsel for Defendant's Receiver at the address listed in the Motion to Withdraw (Doc. 9).

Signed: May 19, 2022

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).